NUMBER 13-04-00452-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

S. MURTHY BADIGA, M.D., Appellant,


v.


MARICRUZ LOPEZ, Appellee.

 


On appeal from the 93rd District Court

 of Hidalgo County, Texas.

 

MEMORANDUM OPINION ON REMAND

Before Chief Justice Valdez and Justices Yañez and Rodriguez


Memorandum Opinion on Remand by Chief Justice Valdez


 This interlocutory appeal of the trial court's denial of appellant S. Murthy Badiga,
M.D.'s motion to dismiss appellee Maricruz Lopez's healthcare liability claim is before us
on remand from the Texas Supreme Court. See Badiga v. Lopez, 274 S.W.3d 684, 685
(Tex. 2009). On original submission, we dismissed Badiga's appeal for lack of jurisdiction
because the trial court granted Lopez an extension of time to file the statutorily required
expert medical report. See Badiga v. Lopez, No. 13-04-00452, 2005 Tex. App. LEXIS
5191, at *3 (Tex. App.-Corpus Christi Jul. 7, 2005), rev'd, 274 S.W.3d 684, 685 (Tex.
2009). The supreme court has since held that a "provider may pursue an interlocutory
appeal of the denial of a motion to dismiss when no expert report has been timely served,
whether or not the trial court grants an extension of time." Badiga, 274 S.W.3d at 685. 
The supreme court remanded this case to us "to consider the merits of the trial court's
denial of Dr. Badiga's motion to dismiss." Id. 

 By his sole issue, Badiga contends the trial court erred by denying his motion to
dismiss Lopez's healthcare liability claim against him because she failed to file an expert
report within the statutorily required 120-day period. Section 74.351(a) of the civil practice
and remedies code provides that an expert report must be served "not later than the 120th
day after the date the original petition was filed." Tex. Civ. Prac. & Rem. Code Ann. §
74.351(a) (Vernon Supp. 2009). If the claimant does not serve a report within 120 days,
the statute provides that the trial court "shall" enter an order granting the affected party's
motion to dismiss the claim. Id.; Poland v. Grigore, 249 S.W.3d 607, 614 (Tex.
App.-Houston [1st Dist.] 2008, no pet.). Both parties agree that Lopez's expert report was
served after the 120-day period had expired. Accordingly, the trial court erred by not
granting Badiga's motion. Badiga's sole issue is sustained.

 We reverse the trial court's order denying Badiga's motion to dismiss. In
accordance with section 74.351(b) of the civil practice and remedies code, we remand the
case to the trial court for a dismissal of Lopez's claims against Badiga with prejudice and
any further proceedings not inconsistent with this opinion. See Tex. Civ. Prac. & Rem.
Code Ann. § 74.351(b) (Vernon Supp. 2009).

 ________________________

 ROGELIO VALDEZ

 Chief Justice

 

Delivered and filed

the 17th day of December, 2009.